IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:21cr99-MHT** |
| | ) | **(WO)** |
| **COREY TYRELL JOHNSON** | ) | |

**ORDER**

This cause is before the court on whether the trial of defendant Corey Tyrell Johnson should be continued. The court, *sua sponte*, believes that the trial should be continued, and the parties do not oppose a continuance. For the reasons set forth below, the court finds that jury selection and trial, now set for April 12, 2021, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in

>an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In issuing such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

Given that a trial judge may continue a trial "on his own motion," neither a motion by the defendant nor one by the government is essential to this trial's

postponement.  § 3161(h)(7)(A).  The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Johnson in a speedy trial.  The COVID-19 pandemic poses an extreme danger to public health; holding a trial in person at this time risks the health and safety of the parties, the court, and all potential jurors.  In addition, a continuance will allow defense counsel additional needed time for processing records before trial.  Finally, the parties do not oppose a continuance.  The court finds that a continuance of the trial is necessary in order to protect public health and the safety of the proceedings and to ensure that the parties are able to present their cases effectively.

***

Accordingly, it is ORDERED that jury selection and trial, now set for April 12, 2021, are reset for June 7, 2021, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One

**Church Street, Montgomery, Alabama.  The United States Magistrate Judge shall conduct a pretrial conference prior to the June trial term.**

**DONE, this the 1st day of March, 2021.**

                                    /s/ Myron H. Thompson
                               **UNITED STATES DISTRICT JUDGE**